## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN F.X. FENERTY        :      Civil Action No: 02-CV-3217

    v.                     :

STATE FARM INSURANCE     :
COMPANY                   :

### ORDER

**AND NOW**, this     day of         , 2002, upon consideration of Defendant, State Farm Mutual Automobile Insurance Company's, Motion to Dismiss Count II of Plaintiff's Complaint and any Response thereto, it is hereby **ORDERED** and **DECREED** that said Motion is **GRANTED**.  Count II of Plaintiff's Complaint is **DISMISSED** with **PREJUDICE**.

      Absent Count II, the Complaint does not aver damages in excess of $75,000, and, therefore, the case is remanded to state court.

                            **BY THE COURT:**


                                     _____, J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN F.X. FENERTY      :     Civil Action No: 02-CV-3217

                   :

v.                  :

                   :

STATE FARM INSURANCE    :
COMPANY                :

### STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT PURSUANT TO F.R. CIV. P. 12(b)(6) AND ALTERNATIVE MOTION PURSUANT TO RULES 12(e) and (f)

Defendant, State Farm Mutual Automobile Insurance Company ("State Farm") (incorrectly identified in Plaintiff's Complaint as State Farm Insurance Company), by and through its counsel, Britt, Hankins, Schaible & Moughan, files this Motion to Dismiss Count II of Plaintiff's Complaint Pursuant to F. R. Civ. P. 12(b)(6) and alternate motions under Rules 12(e) and (f) and in support thereof avers the following:

1.    On February 19, 2002, John F.X. Fenerty, Sr., commenced the within action against State Farm by filing a Writ of Summons in the Philadelphia County Court of Common Pleas.

2.    State Farm filed and served a Rule to File Complaint under the Pennsylvania Rules.  Thereafter, plaintiff filed a Civil Complaint against State

Farm on May 7, 2002.   (See Plaintiff's Civil Complaint, attached hereto as Exhibit "A").

3.      Plaintiff's two-count Complaint seeks compensatory damages in the amount of $13,511.00 (Count I: Breach of Contract) **and** punitive damages in the amount of $1,000,000 (Count II: Fraud).  (See Exhibit "A").

4.      On May 24, 2002, State Farm timely removed the action to the United States District Court for the Eastern District of Pennsylvania based upon diversity of citizenship.

5.      Mr. Fenerty's complaint concerns his alleged right to receive "income loss benefits" under a policy of motor vehicle insurance issued by Defendant.  (A certified copy of the policy at issue and Declarations Page is attached hereto as Exhibit "B").[1]

6.      The language of the State Farm policy tracks the language of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C.S.A. § 1712. (Compare Exhibit "B", the insuring clause of policy at page 13  with the applicable statutory provision, Section 1712).

7.      Mr. Fenerty is (and was at the time of the accident) an experienced,

---

[1] Pennsylvania Rule of Civil Procedure 1019 required the Plaintiff to attach a copy of the insurance policy at issue to his Civil Complaint.   Pa. R.C.P. 1019(i).  Since Plaintiff failed to attach a copy, State Farm attaches a certified copy of the policy at issue as Exhibit "B" and incorporates same as part of the record.

plaintiff's personal injury attorney who had the misfortune of being involved in a motor vehicle accident on February 19, 1998.  (See Plaintiff's Complaint, Exhibit "A").

8.    Mr. Fenerty alleges that he sustained personal injuries in the February 1998  accident which caused him to suffer an "actual loss of gross income" in the amount of $13,511.00.    (See Plaintiff's Complaint, Exhibit "A" at ¶4).

9.    It is averred upon information and belief that most, if not all, of plaintiff's income for professional legal services is generated from contingent fee arrangements with his various clients.

10.    To evaluate his claim, State Farm requested that Mr. Fenerty provide documentation in support of his alleged "actual loss of gross income."

11.    In response, plaintiff submitted a copy of his 1998 federal tax return and requested that State Farm use the gross income reported on his tax return for 1998 (the accident year) to determine how much he "earned per day" for the days "he did work."   Mr. Fenerty then suggested State Farm multiply his "per day earnings" by the number of days (or half days) he claims that he did not work due to his injuries to arrive at his "actual loss of gross income" (less the statutory waiting period).

12.    State Farm disputed this method of calculating "actual loss of gross

3

income" because of the manner in which Mr. Fenerty is actually compensated for his services in that he may have been paid under his fee arrangements regardless of whether he actually missed time from his office.

13.    At no time did ever plaintiff submit any evidence to State Farm that, for example,:

(a)    he had to hire substitutes to perform his "self-employment services" while he was unable to work.  75 Pa. C.S.A. § 1712 (2)(ii); or,

(b)    he had to hire special help thereby "enabling [him] to work and mitigate loss of gross income." Id.; or,

(c)    he was unable to enter into any new contingent fee arrangements with new clients because he was unable to meet with prospective clients; or,

(d)    that he was unable to perform services for clients for which he was compensated at an hourly rate when he was injured and unable to work; or

(e)    that any of his prospective clients entered into contingent fee arrangements with other attorneys because plaintiff was unable to meet with the prospective clients and enter into a contract for representation.

4

14.    In light of the parties' disagreement as to whether reasonable proof of "actual loss of gross income" had been submitted, State Farm requested its insured to give an examination under oath. At the examination under oath, specific information regarding the nature and method of plaintiff's compensation and how if, at all, that compensation was affected by his injuries could be explored in order to arrive at a fair calculation of "actual loss of gross income." State Farm did not, and has not, denied plaintiff's claim.

15.    Shortly after State Farm requested the examination under oath, plaintiff filed this suit.

16.    Count II of Plaintiff's Complaint's, captioned "Fraud," alleges that State Farm acted fraudulently towards Mr. Fenerty and seeks the imposition of punitive damages in the amount of $1,000.000.00.

17.    State Farm seeks to dismiss Count II for failure to state a claim upon which relief can be granted.

## MOTION TO DISMISS COUNT II PURSUANT TO F. R. CIV. P. 12(b)(6)

18.    State Farm incorporates by reference Paragraphs 1 through 17 as though fully set forth at length.

19.    Federal Rule of Civil Procedure 12(b)(6) permits a Court to dismiss all or part of an action for failure to state a claim upon which relief can be granted.

20.    Further, the Court may consider matters outside the pleadings and treat the motion to dismiss as a motion for summary judgment.  Fed. R. Civ. P. 12(b)(6).

21.    Even when construed in a light most favorable to plaintiff, the Complaint does not state a cause of action for fraud:

(a)    The MVFRL does not specifically define "actual loss of gross income."  The State Farm policy tracks the language of the Statute and provides benefits in accordance with the statutory language.  Hence, there could be no "misleading of the insured" since the insuring agreement provides the coverage called for in the Statute.

(b)    There are no provisions in the Statute or regulations setting forth how to calculate "actual loss of gross income" for self-employed individuals.  Therefore, State Farm is not violating any statute or regulation in asking for submission of reasonable proof.

(c)    There are no requirements in the Statute (Section 1712) or the Regulations that State Farm create "processing manuals" for calculating the amount of "Plaintiff's claims and similar claims of . . . covered persons similarly situated."  i.e. for self-

employed individuals.

(d)    The case law interpreting Section 1712 appears to be clear that the "but for" test must be applied on a case by case basis considering the "proofs" submitted:

> "Whether a claimant would have earned actual income but for injuries received in a vehicular accident is a matter of proof." (emphasis added) Persik v. Nationwide Mutual Insurance Company, 554 A.2d 930 (Pa. Super. 1989).

(e)    Since there are hundreds, if not thousands of self-employed positions, which are compensated in a myriad of different ways, there can be no one set "formula" to be used by a company such as State Farm in calculating "actual loss of gross income." Said task is a "matter of proof" in each case.

WHEREFORE, State Farm requests that its Motion to Dismiss under F. R. Civ. P. 12(b)(6) be granted, and that Count II of Plaintiff's Complaint be dismissed with prejudice.

## ALTERNATIVE MOTION PURSUANT TO 12 (e)

22.    State Farm incorporates by reference Paragraphs 1 through 21 as if fully set forth herein.

23.    In the alternative, if Count II of the Complaint is not dismissed for the

7

reasons stated above, Plaintiff must be required to file a more specific statement supporting Count II, specifically alleging the dates, representations (oral or written), acts, damages and other facts material to his cause of action for fraud.

24.    Pursuant to Federal Rule of Civil Procedure 12(e),

> if a pleading to which a responsive pleading is permitted
> is so vague or ambiguous that a party cannot
> reasonably be required to frame a responsive pleading,
> the party may move for a more definite statement before
> interposing a responsive pleading.

25.    Count II of the Complaint does not specify the alleged acts that are the basis for the plaintiff's fraud claim, making it impossible to determine whether this particular basis for a motion to dismiss is applicable.

26.    Plaintiff has failed to allege his claim of fraud with the requisite specificity.

WHEREFORE, defendant requests the court to enter an Order pursuant to Rule 12(e) requiring Plaintiff to specify the particular acts of fraud dealing with his acquisition of his policy of insurance with State Farm in accordance with Rule 12(e).

## MOTION PURSUANT TO 12 (f)

27.    State Farm incorporates by reference Paragraphs 1 through 26 as if fully set forth herein.

28.    In the alternative, if Count II of the Complaint is not dismissed for the

reasons stated above, this Court should strike all references contained in Count II to conduct involving persons and/or entities that are not a party to the within action.

29.    Pursuant to Federal Rule of Civil Procedure 12(f), "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

30.    In the present matter, paragraphs 8-11 of Count II of the Complaint contain references to State Farm's alleged practices applicable to "other motorists and covered persons similarly situated." (See Exhibit "A").

31.    This case does not involve class action allegations, and the claim is being brought solely by Mr. Fenerty. The averments regarding "other motorists and covered persons similarly situated" have absolutely nothing to do with Mr. Fenerty's wage loss claim, and must be stricken.

32.    Moreover, State Farm moves to Strike Plaintiff's request for punitive damages since none of the averments of the Complaint (even if accepted as true) rise to the level of malicious, wanton, reckless or oppressive conduct on the part of State Farm. Moreover, punitive damages are not specifically provided for under the income loss provisions of the MVFRL.

WHEREFORE, State Farm requests that its Motion to Strike Pursuant to R. Civ. P. 12(f) be granted and that: (1)  Paragraphs 8, 9, 10 and 11, are stricken to

9

the extent that the paragraphs refer to "other motorists and covered persons similarly situated" for containing scandalous, impertinent, irrelevant and/or immaterial information; (2) plaintiff's demand for punitive damages is stricken..

**BRITT, HANKINS, SCHAIBLE & MOUGHAN**

By: _____ for JmH

       Joseph M. Hankins, Esquire
       Attorney I.D. No.: 20052
       Christopher J. Urban, Esquire
       Attorney. I.D. No.: 81981
       Two Penn Center Plaza, Suite 515
       Philadelphia, PA 19102
       (215) 569-6900
       Attorneys for Defendant

Dated: ___5/30/02___

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN F.X. FENERTY | : | Civil Action No: 02-CV-3217 |
| | : | |
| v. | : | |
| | : | |
| STATE FARM INSURANCE | : | |
| COMPANY | : | |

### STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COUNT II OF PLAINTIFF'S COMPLAINT PURSUANT TO F. R. CIV. P. 12(b)(6) AND ALTERNATIVE MOTIONS PURSUANT TO F. R. CIV. P. 12(e) and 12(f)

**I.   INTRODUCTION**

Defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), files this Motion to Dismiss Count II of Plaintiff's Complaint pursuant to R. Civ. P. 12(b)(6) because Plaintiffs have failed to state a cause of action upon which relief can be granted. In the alternative, State Farm files the within Motion for a More Specific Statement as to the Alleged Fraud and to Strike Impertinent Matter Contained in Plaintiff's Complaint.

**II.   FACTUAL AND PROCEDURAL BACKGROUND**

This action concerns Plaintiff's alleged entitlement to first party income loss benefits under a State Farm automobile insurance policy. State Farm

1

incorporates by reference paragraphs 1 through 17 of the attached Motion as if same were more fully set forth at length herein.

By way of background, the availability of work loss benefits is governed by section 1712 of the Pennsylvania Motor Vehicle Financial Responsibility Law.  75 C.S. §1712.  This section requires State Farm, as a motor vehicle insurance provider, to offer first party benefits for injury arising out of the maintenance or use of an insured motor vehicle.  Five specific types of first party benefits are specified in the statute, the second of which is "income loss benefit."  The statute defines income loss benefit at Section 1712 as follows:

> (2)    Income loss benefit.--Includes the following:
>
> (i) Eighty percent of actual loss of gross income.
>
> (ii) Reasonable expenses actually incurred for hiring a substitute to perform self-employment services thereby mitigating loss of gross income or for hiring special help thereby enabling a person to work and mitigate loss of gross income.

> Income loss does not include loss of expected income for any period following the death of an individual or expenses incurred for services performed following the death of an individual. Income loss shall not commence until five working days have been lost after the date of the accident.

> *    *    *

75 Pa. C.S. 1712.

Thus, under the MVFRL, income loss benefit includes both "80 percent of

**actual loss** of gross income" and "reasonable expenses actually incurred for hiring a substitute to perform self- employment services thereby mitigating loss of gross income or for hiring special help thereby enabling a person to work and mitigate loss of gross income." 75 C.S. §1712(1)(i and ii) (emphasis added). The income loss benefits is optional coverage, that is State Farm is required to make said coverage available to its policyholders, but an insured is not required purchase this type of coverage.

In accordance with this section, the policy issued by State Farm in this case (and placed into the record as Exhibit B) defines "work loss benefits" in the following manner:

> We will pay income loss benefits with respect to <u>bodily injury</u> to an <u>insured</u> arising out of the maintenance or use of a <u>motor vehicle</u>. Income loss benefits are:
>
> 1.   80% of the insured's actual loss of gross income from work the <u>insured</u> would have performed except for the <u>bodily injury</u>;
>
> 2.   reasonable expenses actually incurred for:
>
>      a.   hiring a substitute to perform self-employment services to reduce loss of gross of income; or
>
>      b.   hiring special help thereby enabling the insured to work and reduce loss of gross income.

(<u>See</u> Exhibit A, p.13).

The policy excludes loss of income occurring during the first five working

days the insured did not work after the accident because of bodily injury. (Id.).

Moreover, the policy's income loss benefits are capped at a  maximum of

$50,000 with no one monthly payment exceeding $2,500 per claimant.

The State Farm policy tracks the definition of "income loss benefit"

contained in the first party section of the MVFRL. See 75 C.S. A. §1712.  The

coverage provided by State Farm is precisely what is required under the statute,

and State Farm's action in requiring Mr. Fenerty to provide proof of actual loss is

consistent with MVFRL and the case law interpreting same.  Accordingly, State

Farm now files this Motion to Dismiss Count II for failure to state a claim upon

which relief can be granted because it fails to allege facts sufficient to support any

legal claim. In the alternative, State Farm requests that this Honorable Court

order Plaintiff to file an Amended Complaint setting forth the legal basis and

factual support for his fraud claim with more specificity.

## III.  **LEGAL ARGUMENT**

### A.    **Count II of Plaintiff's Complaint Must Be Dismissed Because it Fails to State a Claim upon Which Relief Can Be Granted**

#### 1.    **Standard for a Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) permits a Court to dismiss all or

part of an action for failure to state a claim upon which relief can be granted.  In

4

ruling on a 12(b)(6) Motion, the Court must accept as true all well pleaded allegations of fact, and any reasonable inferences that may be drawn therefrom, in the complaint and must determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." Nami v. Fauver, 82 F.3d 63, 65 (3rd Cir. 1996). "The complaint will be deemed to have alleged sufficient facts if it adequately puts the defense on notice of the essential elements of the plaintiff's cause of action." Id.

Although the Court must construe the Complaint in the light most favorable to the Plaintiff, it need not accept as true legal conclusions or unwarranted factual inferences. Claims should be dismissed under Rule 12(b)(6) only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Id. Further, the Court may consider matters outside the pleadings and treat the motion to dismiss as a motion for summary judgment. Fed. R. Civ. P. 12(b)(6).

2. **Plaintiff's Claim of Fraud Fails to State a Claim Upon Which Relief Can Be Granted.**

This Court should grant State Farm's Motion to Dismiss Count II on its merits because Plaintiff failed to state a claim upon which relief can be granted. Initially, it should be noted that, when exercising diversity jurisdiction, the Federal

Court must apply state law on the substantive issues. <u>Orson, Inc. v. Miramax</u>

<u>Film Corp.</u>, 79 F.3d 1358, 1373, n. 15 (3d. Cir. 1996), <u>citing</u> <u>Erie R.R. Co. v.</u>

<u>Tompkins</u>, 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L. Ed 1188 (1938).

Count II, titled "Fraud" contains only the four paragraphs recited below:

\*    \*    \*

8.  Plaintiff is informed, believes and therefore avers that the policy of insurance sold and issued by the Defendant State Farm Mutual Automobile Insurance Company to the Plaintiff for all the years of their insurer-insured relationship was never intended to cover the loss which was mandated by the Pennsylvania Motor Vehicle Responsibility law, but which was so sold to Plaintiff and other motorists and covered persons similarly situated.

9.  Plaintiff is informed, believes and therefore avers that the Defendant State Farm Mutual Automobile Insurance Company has no underwriting or processing manuals or procedures for claims administration and for determination of Plaintiff's Claims and similar claims of other motorist and covered persons similarly situated.

10. Plaintiff is informed, believes and therefore avers that the Defendant State Farm Mutual Automobile Insurance Company, without telling the insured, has engaged in a deliberate practice of issuing and taking payment for insurance coverage which is devoid of insuring and claims standards, and which the Defendant Insurance Company therefore know will never give rise to a payable claim, and has deliberately withheld that information, and misled the insured and other motorists and covered persons similarly situated.

11. Plaintiff has relied on the knowledge, expertise and proffered integrity of the Defendant State Farm Mutual Automobile Insurance Company to provide insurance which is in compliance with the Pennsylvania Motor Vehicle Financial Responsibility Law, and is informed, believes, and therefore avers that have other motorists and covered persons similarly situated have likewise relied.

6

(See Exhibit "A") (emphasis added).   These averments, even if accepted as true, do not substantiate a claim of fraud and are legally insufficient.   Therefore, Count II of Plaintiff's Complaint must be dismissed.

The five elements of fraud are: "(1) misrepresentation of a material fact; (2) scienter; (3) intention by the declarant to induce action; (4) justifiable reliance by the party defrauded upon the misrepresentation; and (5) damages to the party defrauded as a proximate result." Prime Meats, Inc. v. Yochim, 619 A.2d 769, 773 (Pa. Super. 1993), app. denied, 538 Pa. 627, 646 A.2d 1180 (1994).   The averments of fraud must be sufficient to convince the court that they are not merely subterfuge. Bash v. Bell Telephone Co. of Pennsylvania, 601 A.2d 825, 831 (Pa. Super. 1992).

Now, and at the time of the February 19, 1998 accident, Mr. Fenerty was an experienced, plaintiff's personal injury attorney.  Upon information and belief, most, if not all, of Mr. Fenerty's income for professional legal services is generated from contingent fee arrangements with his various clients.  After Mr. Fenerty completed an Application for Benefits seeking wage loss coverage following his 1998 accident, State Farm requested that Mr. Fenerty provide documentation in support of his alleged "actual loss of gross income."

State Farm requires proof of the insured's **actual loss** of gross income from work the insured would have performed **except for** the bodily injury. (See

7

Exhibit A, p.13) (emphasis added). This is consistent with the MVFRL and caselaw interpreting the first party benefits section.   In Persik v. Nationwide Mutual Automobile Insurance Co., 382 Pa. Super. 29, 554 A.2d 930 (1989), the Superior Court was called to determine, for the first time, what "actual loss of gross income" meant under the MVFRL. The court noted that recovery of income loss benefits required "**that the loss of income be 'real,' that is it have 'a valid objective existence as opposed to that which is merely theoretical or possible.'**" Id. at 33, 554 A.2d. 932.   At issue is Perik was whether an unemployed victim of a motor vehicle accident could assert a claim for income loss benefits under the MVFRL. Thus, the question arose whether loss of earning opportunity was a real loss of actual gross income which would be recoverable under the MVFRL. The Court held that the term applies only to income which an insured would have earned **but for the injury received in the accident.** Id. (See also, 14A Summ. Pa. Jur. 2d Insurance §16:29). "Whether a claimant would have earned actual income but for injuries received in a vehicular accident is a matter of proof." (emphasis added) Persik v. Nationwide Mutual Insurance Company, 554 A.2d 930 (Pa. Super. 1989).

Thus, State Farm policy is completely in accordance with the MVFRL and the case law interpreting same.

In response to State Farm's request for proof of actual loss of gross income, Mr. Fenerty submitted his tax returns for the accident year, 1998 (and later 1997) and requested that State Farm use the gross income from his tax return for 1998 to arrive a daily earning figure for the days that he claims to have worked for that year.  Mr. Fenerty asked State Farm to merely multiply this number by the number of days (or half days) Mr. Fenerty missed from work to arrive at his "actual loss of gross income."

State Farm disputed these calculations because of the manner in which plaintiff is actually compensated for his services in that he may have been paid under the fee arrangements regardless of whether he actually missed time from his office.   At no time did plaintiff submit any evidence to State Farm that:

(a) he had to hire substitutes to perform his "self-employment services" while he was unable to work.  75 Pa. C.S.A. § 1712 (2)(ii); or,

(b) he had to hire special help thereby "enabling [him] to work and mitigate loss of gross income."  Id.; or,

(c) he was unable to enter into any new contingent fee arrangements with new clients because he was unable to meet with prospective clients; or,

(d) that he was unable to perform services for clients for which he

9

was compensated at an hourly rate when he was injured and
unable to work; or

(e)  that any of his prospective clients entered into contingent fee
arrangements with other attorneys because plaintiff was
unable to meet with the prospective clients and enter into a
contract for representation.

In light of the parties' disagreement as to whether reasonable proof of
"actual loss of gross income" had been submitted, State Farm requested its
insured to give an examination under oath.  At the examination under oath,
specific information regarding the nature and method of plaintiff's compensation
and how if, at all, that compensation was affected by his injuries could be
explored in order to arrive at a fair calculation of "actual loss of gross income."
**State Farm did not, and has not, denied plaintiff's claim**. Shortly after State
Farm requested the examination under oath, plaintiff filed this suit and now claims
fraudulent conduct on the part of State Farm.

Even when construed in a light most favorable to plaintiff, the Complaint
does not state a cause of action for fraud.   The MVFRL does not specifically
define "actual loss of gross income."  The State Farm policy tracks the language
of the Statute and provides benefits in accordance with the statutory language.
Hence, there could be no "misleading of the insured" since the insuring

10

agreement provides the coverage called for in the Statute.

There are no provisions in the Statute or regulations setting forth how to calculate "actual loss of gross income" for self-employed individuals. Therefore, State Farm is not violating any statute or regulation in asking for submission of reasonable proof.

There are no requirements in the Statute (Section 1712) or the Regulations that State Farm create "processing manuals" for calculating the amount of "Plaintiff's claims and similar claims of . . . covered persons similarly situated." i.e. for self-employed individuals. The case law interpreting Section 1712 appears to be clear that the "but for" test must be applied on a case by case basis considering the "proofs" submitted. As stated by the Court in <u>Persik</u>, "Whether a claimant would have earned actual income but for injuries received in a vehicular accident <u>is a matter of proof</u>." (emphasis added) <u>Persik v. Nationwide Mutual Insurance Company</u>, 554 A.2d 930 (Pa. Super. 1989).

Paragraph 9 alleges that "State Farm Mutual Automobile Insurance Company has no underwriting or processing manuals or procedures for claims administration and for determination of Plaintiff's Claims . . . " Although not specifically alleged, it appears that Mr. Fenerty is claiming that his employment status as a lawyer makes it difficult for him to document an actual loss of gross income. He faults State Farm for not having "underwriting and processing

11

manuals" to take into account the different permutations of how a self-employed

person is compensated which may arise with varying professions.  Even if this

allegation were true, it is insufficient to constitute actionable fraud on the part of

State Farm.    Since there are hundreds, if not thousands of self-employed

positions, which are compensated in a myriad of different ways, there can be no

one set "formula" to be used by a company such as State Farm in calculating

"actual loss of gross income."  Said task is a "matter of proof" in each case.

State Farm, consistent with the statute and case law interpreting same, requires

that the claimant prove that he or she suffered from an actual loss of gross

income within the meaning of the policy.  This allegation does not amount to fraud

under any standard.

Lastly, paragraphs 8 and 10, when read together suggest without any

factual support, that State Farm is systematically providing "illusory income loss

coverage", a fact vehemently denied by State Farm.  As stated herein, if an

insured elects to purchase income loss benefits, he is entitled to receive same

provided that he demonstrate  **that the loss of income be 'real,' that is it have**

**'a valid objective existence as opposed to that which is merely theoretical**

**or possible.'"** Persik at 33, 554 A.2d. 932.   The policy language extending

coverage is wholly consistent with the MVFRL, and State Farm, by incorporating

the statutory language into its policy, cannot be guilty of fraud under any

12

standard.

### 3.   Plaintiff's Claims of Fraud Fail for Lack of Specificity

Federal Rule of Civil Procedure 9(b) alters the liberal federal pleading

standards and provides:

> Fraud, Mistake, Condition of the Mind.
> In all averments of fraud or mistake, the circumstances
> constituting fraud or mistake shall be stated with
> particularity.  Malice, intent, knowledge, and other
> condition of mind of a person may be averred generally.

Failure of a plaintiff to plead fraud "with particularity" can result in a dismissal of

the cause of action.  Macario v. Pratt & Whitney Canada, Inc., 1990 WL 199888,

*2 (E.D. Pa. 1990).  In Macario, the Court dismissed the plaintiff's cause of action

pursuant to RICO, because he had not "given one piece of specific factual

information regarding the alleged conspiracy..."  Id.

In the present matter, Plaintiff makes a general averment of fraudulent

conduct on the part of State Farm, but fails to plead same the requisite

particularity.  Paragraphs 8 through 12 each contain an averment that "*Plaintiff is

informed, believes and therefore avers*" without even identifying the person who

so informed the plaintiff, when the information became known or the content of the

information alleged provided.  The Complaint contains only general averments

with no absolutely particularity. There are no averments stating who, if anyone,

13

allegedly "informed" the plaintiff of said policies.

"Averments of fraud or mistake shall be averred with particularity."
Pa.R.Civ.P. 1019(b). Muhammad v. Strassburger, McKenna, Messer, Shilobod
and Gutnick, 526 Pa. 541, 554, 587 A.2d 1346, 1352 (1991), cert. denied, 502
U.S. 867 (1991). A complaint that "goes on at great length" in alleging fraud and
"evil motives" must be dismissed when the plaintiff does not fully describe the
supporting facts; such general allegations are considered "as nothing more than
unfounded accusations which have no apparent basis in fact." Id.

The five elements of fraud are: "(1) misrepresentation of a material fact; (2)
scienter; (3) intention by the declarant to induce action; (4) justifiable reliance by
the party defrauded upon the misrepresentation; and (5) damages to the party
defrauded as a proximate result." Prime Meats, Inc. v. Yochim, 619 A.2d 769,
773 (Pa. Super. 1993), app. denied, 538 Pa. 627, 646 A.2d 1180 (1994). The
averments of fraud must be sufficient to convince the court that they are not
merely subterfuge. Bash v. Bell Telephone Co. of Pennsylvania, 601 A.2d 825,
831 (Pa. Super. 1992). The pleading must also be sufficient to permit a defense,
and must consist of more than legal conclusions. Id. In Bash, vague references
to the defendant's "specific knowledge" in the "presently unknown past" were
found to be insufficient to enable the defendant to prepare a defense. The court
affirmed dismissal of the fraud count. Failure to plead the specific harm allegedly

14

suffered is also a "fatal failure."  Muhammad v. Strassburger,  McKenna, Messer,

Shilobod and Gutnick, 526 Pa. 541, 554 n. 13, 587 A.2d 1346, 1352 n. 13 (1991),

cert. denied, 502 U.S. 867 (1991).

The averments of fraudulent conduct contained in Count II are insufficient

to demonstrate that the averments are not merely subterfuge.  Moreover,

plaintiff's Complaint does not support the imposition of punitive damages in this

case.  State Farm moves to Strike Plaintiff's request for punitive damages since

none of the averments of the Complaint (even if accepted as true) rise to the level

of malicious, wanton, reckless or oppressive conduct on the part of State Farm.

Moreover, punitive damages are not specifically provided for under the income

loss provisions of the MVFRL.

**B.**  **Alternatively, Defendant's Motion for a More Definite Statement Must be Granted Because Plaintiffs Have Failed to Set Forth the Legal Basis Upon Which they Seek Relief with the Requisite Specificity**

In the alternative, if Count II of the  Complaint is not dismissed or stricken

for the reasons stated above, Plaintiff must be required to file a more specific

account of the alleged fraudulent conduct,  stating the specific persons, dates,

representations, acts, damages and other facts material to each cause of action.

Pursuant to Federal Rule of Civil Procedure 12(e),

> if a pleading to which a responsive pleading is permitted
> is so vague or ambiguous that a party cannot reasonably be
> required to frame a responsive pleading, the party may move
> for a more definite statement before interposing a responsive
> pleading.

A pleading must be sufficient enough to enable the court and opposing counsel to make out the potential viable legal theories upon which a complaint is based. Hicks v. Arthur, 843 F. Supp. 949, 959 (E.D. Pa. 1994).  More specific pleading is required in part to avoid unnecessary trial of claims that cannot be supported. More specific pleading is also required in part because some objections and defenses cannot be stated unless the complaint states the facts as to what plaintiff is claiming.  Plaintiff fails to allege his claim of fraud. Therefore, if this claim is not dismissed for this failure, Plaintiff should still be required to allege to conduct supporting this claim with more specificity.

### C.   Alternatively, Defendant's Motion To Strike Impertinent Matter Contained in Count II

In the alternative, if the Count II of the Complaint is not dismissed for the reasons stated above, this Court should strike all references contained in Plaintiff's Complaint to conduct involving persons and/or entities that are not a party to the within action.  Federal Rule of Civil Procedure 12(f) provides that "the

16

court may order stricken from any pleading any insufficient defense or any

redundant, immaterial, impertinent, or scandalous matter." In the present matter,

paragraphs 8-10 of Count II of the Complaint contain references to State Farm's

alleged practices to "other motorists and covered persons similarly situated." (See

Exhibit "A"). This case does not involve class action allegations and the claim is

being brought solely by Mr. Fenerty. The averments regarding "other motorists

and covered persons similarly situated" have absolutely nothing to do with Mr.

Fenerty's wage loss claim, and must be stricken. Accordingly, Paragraphs 8, 9,

10, 11, and 12 should be stricken to the extent that the paragraphs refer to "other

motorists and covered persons similarly situated" for containing scandalous,

impertinent, irrelevant and/or immaterial information.


IV.    **CONCLUSION**

For all the above reasons, Defendant, State Farm Mutual Automobile

Insurance, respectfully requests that this Honorable Court grant its Motion to

Dismiss Count II of Plaintiff's Complaint with prejudice.


BRITT, HANKINS, SCHAIBLE & MOUGHAN
By: _____

Joseph M. Hankins, Esquire
Attorney I.D. No.: 20052
Christopher J. Urban, Esquire
Attorney. I.D. No.: 81981
Two Penn Center Plaza, Suite 515
Philadelphia, PA 19102
Attorneys for Defendant

DATED: ___5/30/02___

## CERTIFICATE OF SERVICE

I certify that a copy of Defendant, State Farm Mutual Automobile Insurance

Company's, Motion to Dismiss was mailed this day by regular U.S. mail to the

below-listed counsel:

> Anthony P. Baratta, Esquire
> Baratta & Fenerty, Ltd.
> 2661 Huntingdon Pike
> Huntingdon Valley, PA 19006
> Attorney for Plaintiffs

_____
Joseph M. Hankins, Esquire

Dated: _5/30/0_

