IN THE UNITED STATES COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN F.X. FENERTY : | |
| : | |
| v. : | |
| : | Civil Action No: 02-CV-3217 |
| STATE FARM INSURANCE : | |
| COMPANY : | |

**ANSWER AND AFFIRMATIVE DEFENSES OF
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY
TO PLAINTIFF'S COMPLAINT**

1. Admitted.

2. Admitted that defendant, State Farm Mutual Automobile Insurance Company ("State Farm"), is a mutual insurance company which sells automobile insurance. Admitted that with respect to policies issued in Pennsylvania, said policies are in compliance with the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL"). Defendant issues policies in other states in accordance with the laws of those states. The remaining allegations are admitted.

3. Admitted that on February 19, 1998, plaintiff was an insured under a policy of insurance bearing policy number 828-0908-F17-38I. Admitted that for a number of years prior to February 19, 1998, plaintiff was an insured of defendant under automobile policies issued by it. With respect to the remaining allegations contained in paragraph 3, said allegations are denied as stated. The policy of insurance is a written contract, the terms of which speak for themselves.

4. Admitted that plaintiff was involved in an automobile accident on February 18, 1998. Admitted that plaintiff reported the accident to State Farm. With respect to the remaining allegations, defendant is without knowledge or information sufficient to form a belief as to the truth of those averments and strict proof thereof, if relevant, is demanded at the time of trial.

5. Admitted that plaintiff submitted an Application for Benefits. The remaining allegations contained in paragraph 5 are denied.

6. Denied. To the contrary, defendant's representatives have requested additional information in order to fully analyze the claim for work loss benefits submitted by plaintiff. To date, said information has not been provided to defendant. Plaintiff's claim has neither been accepted, nor denied.

**WHEREFORE**, defendant demands judgment dismissing Plaintiff's Complaint, with prejudice, together with costs of suit and attorneys' fees.

### FIRST AFFIRMATIVE DEFENSE

7. This court lacks subject matter since the amount in controversy does not exceed the $75,000 jurisdictional limits for diversity cases.

### SECOND AFFIRMATIVE DEFENSE

8. Defendant has neither accepted, nor denied, plaintiff's claim. Defendant is not in a position to make a rational decision as to whether plaintiff sustained an actual "loss of gross income" as set forth in the policy and in the MVFRL.

## THIRD AFFIRMATIVE DEFENSE

9. Plaintiff's lawsuit may be subject to dismissal under the language of the policy in question which provides as follows:

### CONDITIONS

. . .

2. **Suit Against Us**
   There is no right of action against us:
   a. until all the terms of this policy have been met; . . .
   Policy at p. 31.

### REPORTING A CLAIM - INSURED'S DUTY

4. **Other Duties Under . . . Loss of Income . . . Coverages**
   The **person** making claim also shall:
   a. give us all the details about the death, injury treatment and other information we need to determine the amount payable.
   Policy at p. 6.

10. On numerous occasions, State Farm has requested certain financial information from the plaintiff in order to properly calculate his "actual loss of gross income." To date, plaintiff has failed to provide the requested information to State Farm and/or the independent accountant it had retained to assist it in evaluating plaintiff's claim. Therefore, under the above policy provisions this suit is premature.

## FOURTH AFFIRMATIVE DEFENSE

11. Plaintiff has failed to produce evidence of "loss of actual gross income" as defined in the MVFRL and the State Farm policy in question.

## FIFTH AFFIRMATIVE DEFENSE

12. There was no breach of the insurance contract by State Farm under the circumstances present herein.

## SIXTH AFFIRMATIVE DEFENSE

13. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SEVENTH AFFIRMATIVE DEFENSE

14. There was no "unreasonable denial" of the claim. The claim is still pending and has not been denied. Therefore, plaintiff is not entitled to an award of interest, costs or counsel fees as alleged.

## EIGHTH AFFIRMATIVE DEFENSE

15. Plaintiff's claims may be barred by the provisions of the applicable State Farm policy.

## NINTH AFFIRMATIVE DEFENSE

16. Plaintiff's claims may be barred by the provisions of the MVFRL and any amendments effectuated to the law by Act 6.

**WHEREFORE**, defendant demands judgment dismissing Plaintiff's Complaint, with prejudice, together with costs of suit and attorneys' fees.

**BRITT, HANKINS, SCHAIBLE & MOUGHAN**

BY: _____
**Joseph M. Hankins, Esquire**
Attorney I.D. No. 20052

Two Penn Center Plaza, Suite 515
15th Street and JFK Boulevard
Philadelphia, PA 19102
(215) 569-6904
Attorneys for Defendant,
State Farm Mutual Automobile Insurance Company

Dated: